NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-1255


TIM ROMERO PAINTING, LLC

VERSUS

JOHN J. ROMERO


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 122864
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Kreig Anthony Breaux**
**Landry, Watkins, Respaske & Breaux**
**P. O. Drawer 12040**
**211 East Main Street**
**New Iberia, LA 70562-2040**
**(337) 364-7626**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Tim Romero Painting, LLC**

**R. Michael Moity, Jr.**
**The Moity Law Firm**
**340 Weeks St.**
**New Iberia, LA 70560**
**(337) 365-5529**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**John J. Romero**

**EZELL, Judge.**

In this matter, John Romero appeals a judgment in favor of Tim Romero Painting, L.L.C. for $26,260.00 for breach of contract. For the following reasons, we hereby affirm the judgment of the trial court.

Tim Romero Painting, L.L.C. (TRP) was approached by an agent for John Romero (hereinafter Mr. Romero) in February of 2013 about applying a new roof on a building owned by Mr. Romero. TRP submitted a proposal to Mr. Romero dated February 12, 2013, including literature with reference to the types of materials that would be used for the re-roofing project, together with the manner in which they would be applied and the warranty periods that would be furnished for the materials to be chosen from. The price of the roof was to be $33,000.00. Mr. Romero had his agent advise TRP that the proposal was approved and to start work as soon as possible.

TRP began work in early March of 2013. TRP began the prep work of pressure washing the roof to remove debris and dirt. The pressure washing took roughly three ten-hour days. TRP then applied caulk to the flashing where required and began to build up low spots on the flat roof with a product called Slope Builder. TRP then applied the base coat and one of two "top coats" of an elastomeric product. TRP could not finish applying these coats to the entire roof, however, as a fire escape catwalk existed on part of the roof that was in violation of the fire code. TRP was supposed to wait to address this area until the Fire Marshal approved a plan for a new catwalk. Because of this catwalk issue, the final top coat layer could not be applied at all, as it would need to be applied all at once for the coating to be seamless for maximum protection from water. Approval from the Fire Marshal was not obtained by Mr. Romero until one week prior to the

April 2014 trial. However, Mr. Romero saw some bubbling in the application of the first top coat, was not satisfied with how he felt it was being applied, and told two TRP employees to leave the job site. He never told TRP it could return to the jobsite to fix any problems.

After trial on the matter, the trial court found that TRP had completed eighty percent of the work and awarded it $26,260.00 for breach of contract. From that decision, Mr. Romero appeals.

On appeal, Mr. Romero asserts two assignments of error. He claims that the trial court erred in finding the workmanship performed was in accordance with the proposal and that the trial court erred in finding eighty percent of the work was done prior to stoppage.

The two assignments of error both relate to findings of fact by the trial court which are reviewed by this court under the manifest error standard of review. An appellate court cannot set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). An appellate court is not to determine whether the trier of fact was right or wrong, but instead, whether the fact finder's conclusion was a reasonable one. *Lyons v. Bechtel Corp.,* 00-364 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, *writ denied,* 01-282 (La. 3/23/01), 787 So.2d 996.

Mr. Romero claims that the work performed by TRP was not workmanlike in that there was bubbling in the second layer as well as a few leaves and a screw in that layer. However, the trial court found and the record shows that these problems were not at all uncommon in the application of a roof like this. Moreover, Tim Romero, the owner of TRP, testified that these problems would have been addressed before the application of the final top coat, had he been

2

allowed to complete the job. However, he was unable to remove these potential problems because Mr. Romero failed to address the catwalk and then terminated the job. Furthermore, the job was unfinished due to Mr. Romero's actions and not those of TRP. As there is a reasonable factual basis in the record for the trial court's findings, we cannot find manifest error in the trial court's determination on the quality of TRP's work.

Finally, Mr. Romero claims that the trial court erred in finding that eighty percent of the contracted work had been completed. We disagree. Tim Romero testified that eighty percent of the work had been finished. This testimony was completely uncontradicted by Mr. Romero. Tim Romero stated TRP pressure washed the roof, applied caulk to the flashing where required, and built up low spots on the flat roof with Slope Builder. TRP then applied the base coat and the first of two required top coats. The only work not completed was the final top coat and any work done under the catwalk. TRP's inability to perform these tasks were through no fault but Mr. Romero's. While eighty percent of the roof may have not been completed to a final status, we can find no error in the trial court's finding that eighty percent of the total work had been completed.

The trial court in this matter provided thorough and lengthy reasons for judgment totaling nineteen pages. We find them to be persuasive and an excellent summary of the evidence in the record before this court. It is clear that the trial court carefully considered the evidence before it, and we can find no manifest error in its findings.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against John Romero.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.